# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-231V
Filed: August 4, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| ERIC P. KAPLAN, | * | |
| | * | Dismissal Decision; |
| Petitioner, | * | Influenza ("Flu") Vaccine; |
| | * | Transverse Myelitis ("TM") |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Sylvia Chin-Caplan, Esq.,* Law Office of Sylvia Chin-Caplan, Boston, MA, for petitioner.
*Kyle Pozza, Esq.,* U.S. Department of Justice, Washington, DC, for respondent.

### DECISION[1]

**Roth,** Special Master:

On February 14, 2018, Dr. Eric Kaplan ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 *et seq*.[2] ("Vaccine Act" or "the Program"). Petitioner alleged that he suffered transverse myelitis ("TM") as a result of the influenza vaccine ("flu") vaccine he received on October 5, 2015. Petition at 1, ECF No. 1.

Following an onset hearing and based on all the evidence filed and testimony provided, a Ruling on Onset was issued on April 28, 2022 finding that petitioner suffered from progressive

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

left leg symptoms that began prior to his October 5, 2015 flu vaccination. ECF No. 53.[3] Petitioner's symptoms became more pronounced just prior to his March 28, 2016 appointment with Dr. Moray. Thereafter, Dr. Kaplan's condition rapidly declined, resulting in drop foot by April 28, 2016, which required an AFO by the end of May of 2016 and eventually a stimulator in September of 2016. *Id.* Shortly after the Ruling on Onset was issued, on May 16, 2022, petitioner filed a Motion for Dismissal Decision requesting that his case be dismissed. ECF No. 54.

To receive compensation under the Program, petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that petitioner's alleged transverse myelitis was vaccine-caused by or vaccine-related.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion that supports a finding of entitlement. The information in the record does not show entitlement to an award under the Program.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that he suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] A detailed medical and procedural history is contained in the Ruling on Onset; the Ruling on Onset is therefore incorporated herein and by reference in its entirety. ECF No. 53.